IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 24-109 |
| **RKB HANDYMAN SERVICES, INC.** | : | |

### GOVERNMENT'S GUILTY PLEA MEMORANDUM

**I.   BACKGROUND**

The defendant, RKB Handyman Services, Inc., was a contractor that agreed to perform various repair jobs at United States Post Offices across the country. RKB engaged subcontractors to perform most or all of the actual work, and then falsified the subcontractor invoices to charge extra money for the work. RKB has signed a plea agreement and will appear to enter a guilty plea on June 5, 2023.

**II.   PLEA AGREEMENT**

The defendant and the government have entered into a plea agreement, a copy of which is attached to this Memorandum as Exhibit A. In summary, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a fine of $240,000 and restitution of $117,781.36, a special assessment of $400 and no term of probation is the appropriate disposition of the case. The defendant agrees to plead guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343; to waive its right to an indictment and proceed by information; to waive its rights to appeal or collaterally attack its conviction, sentence or other matters relating to its prosecution (discussed more fully below); to cooperate in efforts to collect on its financial obligations; to accept responsibility for relevant conduct for the time period from October 2019

through March 2021, and to pay the special assessment of $400. The defendant also waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

Pursuant to USSG § 6B1.4, the parties have entered into the following stipulations under the Sentencing Guidelines Manual, none of which is binding on the Court or the Probation Office.

 a. The parties agree and stipulate that $117,781.36 was the fraud loss caused by the defendant's scheme to defraud, and the defendant's Guideline range should be calculated based on this amount pursuant to USSG § 1B1.3.

 b. The parties agree and stipulate that the fine range should be determined pursuant to USSG §§ 8C2.2 through 8C2.9.

 c. The parties agree and stipulate that, pursuant to USSG § 8C2.3, the offense level is 15, as calculated pursuant to USSG § 2B1.1.

 d. The parties agree and stipulate that one point is added to the culpability score, pursuant to USSG § 8C2.5(b)(5, and two points are subtracted from the culpability score, pursuant to USSG § 8C2.5(g)(2), and that the final culpability score is 4, producing an expected fine range of approximately $160,000 to $320,000.

The plea agreement informs the defendant that it may not withdraw its guilty plea if the Court declines to accept any recommendation or stipulation by the parties, or declines to grant any motion of a party. Either the defendant or the government may withdraw from the plea agreement, however, if the Court declines to accept the plea agreement and be bound under Rule 11(c)(1)(C). The defendant understands that, if the Court does accept the plea agreement, its plea

is final and may not be withdrawn. The plea agreement contains all of the promises, agreements and understandings of the parties with respect to the plea.

The plea agreement restricts the defendant's rights to appeal. If the Court accepts the plea agreement and imposes the sentence proposed by the parties, the government agrees that it will not file any appeal of the sentence, and the defendant agrees that it will not fila any appeal, collateral attack or other writ or motion challenging the defendant's conviction, sentence or any other matter relating to this prosecution, although the defendant retains the right to file a claim, if otherwise allowed by law, that an attorney who represented the defendant provided constitutionally ineffective assistance.

If the Court does not accept the plea agreement, but neither party withdraws from the plea agreement and the defendant enters a guilty plea, then the parties agree to continue to recommend the proposed sentence, with the addition of a term of probation. In that case, the defendant may only appeal or attack its sentence or prosecution under the following circumstances:

   a. if the government appeals from the sentence, then the defendant may file a direct appeal of its sentence.
   b. if the government does not appeal, then notwithstanding the waiver provision in the plea agreement, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:
      i. that the defendant's sentence exceeds the statutory maximum for the count of conviction;

      ii.    challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

      iii.    challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and

      iv.    that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

**III.  ELEMENTS OF THE OFFENSE CHARGED**

To establish a violation of 18 U.S.C. § 1343, the government must prove the following elements beyond a reasonable doubt:

    a.    the defendant knowingly devised a scheme to defraud or obtain money or property by materially false or fraudulent pretenses, representations or promises;

    b.    the defendant acted with the intent to defraud; and

    c.    that in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Third Circuit Model Jury Instruction 3.18.1343 (2018).

**IV.  STATUTORY MAXIMUM SENTENCE**

The maximum penalty for conviction of the offense alleged in the information is 5 years of probation, a $500,000 fine, and a $400 special assessment. Mandatory restitution of $117,781.36 also will be ordered.

**V.  FACTUAL BASIS FOR THE PLEA**

If this case were to proceed to trial, the government would introduce evidence, through

4

witnesses and exhibits, establishing the following facts:

The United States Postal Service (USPS) has a contract with Company #1 to manage repair work needed at postal facilities. When a post office or other USPS facility had a maintenance problem, USPS notified Company #1, and Company #1 assigned the work to one of its Suppliers via an online system.

RKB Handyman Services, Inc. (RKB) is a maintenance company in Hauppauge, on Long Island. On September 16, 2019, RKB entered into a "Supplier Agreement" with Company #1, becoming one of the Suppliers that Company #1 would contact for maintenance assignments at postal facilities. In the Supplier Agreement, the defendant represented that its service area was "NATION-WIDE," and that it would use subcontractors to perform that nationwide work.

The Supplier Agreement contains terms and exhibits relating to work for USPS. The USPS-specific contract terms state that original subcontractor invoices must be submitted to Company #1, and also that subcontractor invoices could be marked up by specified amounts.

RKB began accepting postal maintenance jobs. Instead of forwarding the actual invoices RKB received from its subcontractors, RKB falsified the invoices by inflating the amounts due and sometimes changing the name and contact information of the subcontractor. The defendant submitted the falsified invoices to Company #1 in order to receive payments from USPS.

On November 14, 2019, postal workers at the Bird In Hand Post Office in Lancaster County reported the need for an electrical repair to Company #1. Company #1 assigned the work to RKB. On November 15, 2019, RKB sent Company #2, a Lancaster, Pennsylvania electrical repair company, to the Bird In Hand Post Office. In its initial service call, Company #2 replaced some damaged breakers, but also recommended replacement of the main breaker panel. It billed

RKB $319.75 for the initial service call, comprised of $52.25 for materials and $267.50 for same-day labor.

On December 3, 2019, Company #2 emailed RKB a proposal for completing the replacement of the main breaker panel. The email was transmitted from Company #2's location in Lancaster, Pennsylvania, to RKB in Hauppauge, New York. The proposal quoted the price of $1,575, including ten hours of labor at $85 per hour, and $725 for materials.

RKB knowingly and willfully used Company #2's proposal to submit its own proposal to Company #1 with inflated costs, falsely claiming that the November work had cost $585, and the additional work would cost $2,180. Company #1 approved the work, not knowing that the prices had been inflated.

On December 31, 2019, Company #2 performed the electrical work and invoiced RKB $1,575 for that work, in accordance with its proposal. RKB then submitted a falsified invoice to Company #1, claiming the work on both dates had cost $2,675, not the actual price of $1,894.75. RKB's final invoice also included a $90 markup. The total amount sought by RKB and paid by USPS was $2,765.

From September 2019 until March 2022, RKB submitted at least 343 falsified invoices, including the invoice for the work at the Bird In Hand Post Office. By deliberately falsifying the invoices, RKB caused USPS to overpay for repair work at its facilities by $117,721.36.

This memorandum sets forth a summary of the facts in the information that establish the elements of the offense charged.

Respectfully yours,

JACQUELINE C. ROMERO
United States Attorney


*/s/ Elizabeth Abrams*
ELIZABETH ABRAMS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused a true and correct version of the foregoing Government's Guilty Plea Memorandum to be served via email upon the following counsel of record:

Seth L. Levine, Esquire
Paul A. Murphy, Esquire
Levine Lee LLP
1500 Broadway, Suite 2501
New York, NY 10036
slevine@levinelee.com
pmurphy@levinelee.com

David L. Axelrod, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
axelrodd@ballardspahr.com

*/s/ Elizabeth Abrams*
ELIZABETH ABRAMS
Assistant United States Attorney

Dated: May 29, 2024